IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIRT BYNUM                              :
                                        :
        v.                              :    CIVIL NO. CCB-10-295
                                        :    Criminal No. CCB-07-242
UNITED STATES OF AMERICA                :
                                     ...o0o...

**<u>MEMORANDUM</u>**

Federal prison inmate Kirt Lionel Bynum has filed a motion to vacate sentence under 28 U.S.C. §2255 alleging ineffective assistance of counsel in connection with the forfeiture of over $60,000 in drug proceeds following his plea of guilty to possession with intent to distribute 810 grams of cocaine.  The motion will be denied.

Bynum, who was represented by counsel from the Federal Public Defender's Office, pled guilty on November 30, 2007 pursuant to a plea agreement he signed which expressly provided that he would forfeit $62,946.74.  He received a sentence of 188 months to be followed by four years of supervised release.  He appealed to the Fourth Circuit, which denied relief, finding his plea had been knowing and voluntary.  302 F. App'x 159 (4th Cir. 2008).  He now complains counsel was ineffective because the order of forfeiture was not included in the judgment and commitment order ("J & C"), meaning, according to Bynum, that the forfeiture was illegal and the money should be returned to him.

Bynum, however, has offered nothing to show that counsel was ineffective or that he was not fully advised of the forfeiture.  First, the forfeiture was explicitly referenced in the agreement he signed in the criminal case (Crim. No. CCB-07-0242, ECF Doc. No. 11 at ¶¶ 5, 6, 7). This was reviewed with him in the course of the Rule 11 rearraignment. (Tr. 11/30/07 at 12).  Second,

1

the forfeiture is not included in the J&C because it was the subject of a separate civil forfeiture case properly served on Bynum's counsel (Civil No. CCB-07-1966, ECF No. 9). *See Cassell v. U.S.*, 348 F.Supp. 2d 602, 606 (M.D.N.C. 2004). A final order of forfeiture was entered in the civil case on January 3, 2008 (Civil No. CCB-07-1966, ECF No. 10)[1]. Bynum's argument that he did not have notice of the civil suit is contradicted by the explicit reference to that suit in the plea agreement he signed and acknowledged in open court. Accordingly, and assuming without deciding that this issue would be cognizable under 28 U.S.C. §2255, Bynum's petition has no merit. No certificate of appealability is warranted under 28 U.S.C. §2253(c).[2]

A separate Order follows.

November 9, 2012
Date

/s/
Catherine C. Blake
United States District Judge

1 A copy of the civil docket sheet will be sent to Bynum with this opinion.
2 Bynum is free to seek a certificate of appealability from the Fourth Circuit.